GIBSON, DUNN & CRUTCHER LLP
ETHAN D. DETTMER, SBN 196046
AMANDA M. ROSE, SBN 222074
One Montgomery Street
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309
Email: edettmer@gibsondunn.com

Attorneys for
THE NASDAQ STOCK MARKET, INC.

THOMAS P. MORAN
Associate General Counsel
THE NASDAQ STOCK MARKET, INC.
9600 Blackwell Road, 3rd Floor
Rockville, Maryland 20850

Of Counsel

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPULENT FUND, L.P., a Delaware limited partnership and OPULENT LITE, L.P., a Delaware limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>THE NASDAQ STOCK MARKET, INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. C 07 3683 RMW<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS OF DEFENDANT THE NASDAQ STOCK MARKET, INC. [Fed. R. Civ. Pro. 12(b)(1), 12(b)(6) & 12(h)(3)]**<br><br>Date: September 7, 2007<br>Time: 9:00 a.m.<br>Judge: Hon. Ronald M. Whyte |

1  On September 7, 2007, at 9:00 a.m., the motion to dismiss of defendant The Nasdaq Stock Market, Inc. (Nasdaq) came on for hearing before this Court. The Court has considered the papers submitted by the parties, the arguments of counsel, and such other matters as the Court deemed appropriate.

The Court finds, based on the foregoing, that Nasdaq is immune from any suit for damages arising out of the actions alleged in the plaintiffs' complaint, because those actions were engaged in under the aegis of authority delegated to a self regulatory organization under the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder. *Sparta Surgical Corporation v. NASD*, 159 F.3d 1209 (9th Cir. 1998).

The Court further finds that plaintiffs were required to seek relief through the administrative channels afforded by the SEC, 15 U.S.C. § 78s(h), and only after those channels have been exhausted may they seek judicial review from a federal court of appeals (not the district court), 15 U.S.C. § 78y. *See Datek Sec. Corp. v. NASD*, 875 F. Supp. 230, 234 (S.D.N.Y. 1995). Plaintiffs have not given any indication that they attempted to pursue their grievances with the SEC as is required by the Exchange Act. 15 U.S.C. § 78s(h). Even if they had, the Court of Appeals—not this Court—would be the proper forum for judicial review, and thus plaintiffs' complaint should be dismissed with prejudice. 15 U.S.C. § 78y(b)(3); *Swirsky v. NASD*, 124 F.3d 59, 63-64 (1st Cir. 1997).

GOOD CAUSE APPEARING THEREFORE,

Defendant The Nasdaq Stock Market, Inc.'s Motion to Dismiss plaintiffs' complaint is hereby GRANTED, with prejudice.

IT IS SO ORDERED.

DATED: _____, 2007

The Honorable Ronald M. Whyte
United States District Judge