1  George S. Trevor (127875)
   LAW OFFICE OF GEORGE S. TREVOR
2  300 Tamal Plaza, Suite 180
   Corte Madera, California 94925
3  Telephone: (415) 924-7147
   Facsimile:  (415) 924-7159
4
   Attorney for Plaintiffs
5

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| OPULENT FUND, L.P., a Delaware limited partnership and OPULENT LITE, L.P., a Delaware limited partnership, <br><br> Plaintiffs, <br><br> v. <br><br> THE NASDAQ STOCK MARKET, INC., a Delaware Corporation, and DOES ONE through TEN, inclusive <br><br> Defendants. | Case No.: C 07-3683 RMW <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:   September 28, 2007 <br> Time:   9:00 a.m. <br> Place:  Courtroom of the <br>           Hon. Ronald M. Whyte |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ..................................................................................................................1
MEMORANDUM OF POINTS AND AUTHORITIES......................................................................1
I.    INTRODUCTION ..............................................................................................................1
II.    SUMMARY OF PLAINTIFFS' COMPLAINT ..................................................................2
III.    ARGUMENT ......................................................................................................................3
    A.    Legal Standards......................................................................................................3
    B.    The Complaint Alleges Only Claims For Violations Of California Law................4
    C.    There Is No Substantial Question Of Federal Law Sufficient To Confer Subject Matter Jurisdiction.....................................................................................4
    D.    Plaintiffs Are Entitled To An Award Of Fees And Costs Incurred As A Result Of Removal...................................................................................................10
IV.    CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**Cases**

Barbara v. New York Stock Exchange, Inc.,
  99 F.3d 49 (2d Cir. 1996) .................................................................................................. 5, 7, 8, 9

Blue Water Fabricators, Inc. v. First of Michigan Corp.,
  1988 WL 126568 (E.D. Mich. July 14, 1988) ........................................................................... 5

Caterpillar Inc. v. Williams,
  482 U.S. 386, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987) ........................................................ 3, 4

Finance Trading Ltd. v. Rhodia,
  2004 U.S. Dist. LEXIS 24148 (S.D.N.Y. Nov. 30, 2004) .......................................................... 9

Ford v. Hamilton Investments, Inc.,
  29 F.3d 255 (6th Cir. 1994) ........................................................................................................ 5

Franchise Tax Board v. Construction Laborers Vacation Trust,
  463 U.S. 1, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983) ............................................................... 3

Gaus v Miles, Inc.,
  980 F.2d 564 (9th Cir. 1992) ..................................................................................................... 4

Hawkins v. NASD,
  149 F.3d 330 (5th Cir. 1998) ..................................................................................................... 9

In re Prudential Securities Inc.,
  795 F. Supp. 657 (S.D.N.Y. 1992) ............................................................................................ 5

In re Verifone Securities,
  11 F.3d 865 (9th Cir. 1993) ....................................................................................................... 6

In re: Textainer Partnership Securities Litigation,
  No. C 05-0969 MMC, slip op. at 11-14 (N.D. Cal. July 27, 2005) ........................................... 5

Jablon v. Dean Witter,
  614 F.2d 677 (9th Cir. 1980) ..................................................................................................... 6

Kokkonen v. Guardian Life Ins. Co.,
  511 U.S. 375 (1994) .................................................................................................................. 4

Lange v. H. Hantz & Co.,
  418 F. Supp. 1376 (N.D. Tex. 1976) ................................................................................. passim

Lippitt v. Raymond James Financial Services, Inc.,
  340 F.3d 1033 (9th Cir. 2003) ............................................................................................... 5, 9

Merrell Dow Pharmaceuticals, Inc. v. Thompson,
  478 U.S. 804 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986) ......................................................... 3, 8

# TABLE OF AUTHORITIES
### (continued)

**Page**

Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Georgiadis,
 903 F.2d 109 (2d Cir. 1990) .................................................................................................5

Moore v. Kaiser Foundation Hospitals, Inc.,
 765 F.Supp. 1464 (N.D. Cal. 1991), aff'd 981 F.2d 443 (9th Cir. 1992)..............................10

NCCS, Inc. v. Frank Hegardt Ind.,
 1998 U.S. Dist. LEXIS 13726 (N.D. Cal. Aug. 28, 1998) .....................................................4

Pedott v. Goldinger,
 1998 U.S. Dist. LEXIS 4259 (N.D. Cal. March 27, 1998)...................................................10

Petrie v. The Pacific Stock Exchange, Inc.,
 982 F. Supp. 1390 (N.D. Cal. 1997) ...............................................................................passim

Smith Barney v. Painters Local Union No. 109 Pension Fund,
 976 F. Supp. 1293, 1996 WL 914015 (D. Neb. 1996) ..........................................................5

Sparta Surgical Corporation v. NASD,
 159 F.3d 1209 (9th Cir. 1998) ..............................................................................................9

Sparta Surgical Corporation v. NASD,
 1996 U.S. Dist. LEXIS 13197 (N.D. Cal. Aug. 14, 1996) ....................................................9

Stock West, Inc. v. Confederated Tribes,
 873 F.2d 1221 (9th Cir 1989) ...............................................................................................4

Sullivan v. First Affiliated Securities, Inc.,
 813 F.2d 1368 (9th Cir. 1987) ..............................................................................................3

West 14th Street Comm. Corp. v. 5 West 14th Owners Corp.,
 815 F.2d 188 (2d Cir. 1987) ................................................................................................10

**Statutes**

15 U.S.C.
 § 78aa............................................................................................................................1, 4, 5, 8

28 U.S.C.
 § 1331 ................................................................................................................................5, 7
 § 1441 ............................................................................................................................1, 5, 7
 § 1441(a).............................................................................................................................3, 8
 § 1441(b)................................................................................................................................3
 § 1447(c)..............................................................................................................................10

Securities Exchange Act of 1934
 Section 27 ....................................................................................................................4, 5, 6, 7

**Rules**

Securities Exchange Act of 1934
 Rule 19b-4 .............................................................................................................................1

**TABLE OF AUTHORITIES**
**(continued)**

Page

### Treatises

P. Bator, P. Mishkin, D. Shapiro & H. Weschler, Hart & Weschler's <u>The Federal Courts and the Federal System</u>
889 (2d ed. 1973) ...................................................................................................................3

### Other Authorities

Release No. 22404,
 50 Fed. Reg. 38235 (Sept. 20, 1985).....................................................................................8

Release No. 34-21890,
 50 Fed. Reg. 12672 (March 29 1985) ...................................................................................8

Release No. 34-39326,
 62 Fed. Reg. 62385 (Nov. 21, 1997) .....................................................................................8

Release No. 34-48997,
 69 Fed. Reg. 716 (Jan. 6, 2004) ............................................................................................8

Release No. 34-51884,
 70 Fed. 36973 (June 27, 2005)..............................................................................................8

Release No. 34-53128,
 71 Fed. Reg. 3550 (Jan. 23, 2006) ........................................................................................8

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 28, 2007, at 9:00 a.m., or as soon thereafter as this matter may be heard, in the Courtroom of the Hon. Ronald M. Whyte, Courtroom 6, 280 South 1st Street, San Jose, California, plaintiffs will move pursuant to 28 U.S.C. §1447(c) for an order remanding this action to the Superior Court for the State of California, County of Santa Clara. Plaintiffs further request an award of fees and costs, including attorneys' fees, incurred as a result of defendant's removal of this action. The basis for this motion is that this Court lacks federal subject matter jurisdiction over this action.

This motion is supported by the Memorandum of Points and Authorities, the pleadings and papers on file in this action, and all oral and documentary evidence and argument as may be presented to the Court in connection with this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

On May 16, 2007, Plaintiffs filed their Complaint in the Superior Court alleging two claims – negligence and negligent misrepresentation.

On July 17, 2007, Defendant The NASDAQ ("Nasdaq") Stock Market, Inc. filed a Notice of Removal of Action Under 28 U.S.C. § 1441 & 15 U.S.C. § 78aa. Defendant's Notice asserts that federal subject matter jurisdiction exists because: (1) Defendant is an SEC-approved national securities exchange (Notice, ¶ 4); (2) the Nasdaq-100 Index was approved by the SEC pursuant to Rule 19b-4 promulgated under the Securities Exchange Act of 1934 ("Exchange Act") (Notice, ¶ 7); and (3) the exchange calculates and disseminates the Nasdaq-100 Index settlement value pursuant to an SEC-approved rule (Notice, ¶ 8). The Complaint, according to Defendant, alleges claims arising under the Exchange Act because its rules and regulations are approved by the SEC. (Notice, ¶¶ 10-12.)

On July 23, 2007, Defendant filed a motion seeking dismissal, in part for lack of subject matter jurisdiction. (Notice of Motion and Motion to Dismiss of Defendant The Nasdaq Stock Market, Inc., pp 8-9.)

1  The Court should remand this action to the California Superior Court for at least
2 two reasons.  First, the well-pleaded Complaint alleges only claims for relief under California law
3 against Defendant related to harm in the context of Defendant's for-profit commercial activities.
4 Second, the Complaint does not implicate a substantial question of federal law sufficient to confer
5 federal subject matter jurisdiction.

6 **II.    SUMMARY OF PLAINTIFFS' COMPLAINT**

7  Plaintiffs Opulent Fund and Opulent Lite are investment limited partnerships
8 organized in Delaware and maintain their principal place of business in Santa Clara County,
9 California.  (Complaint, ¶¶ 4-5.)  Plaintiffs trade broad-based stock index options, particularly
10 options written on the Nasdaq 100 Index ("Nasdaq 100" or "Index").  (Id., ¶ 9.)

11  Defendant Nasdaq is a corporation organized in Delaware and maintains its
12 principal place of business in New York.  (Id., ¶ 6.)  Nasdaq created the Index and encourages its
13 use directly and derivatively through the use of various put and call options based upon the price
14 of the Index.  (Id., ¶ 13.)  Nasdaq also encourages the use of the Index by market participants
15 through Nasdaq Global Funds, Inc., a wholly owned subsidiary of Nasdaq.  (Id.)  Nasdaq Global
16 Funds, Inc. pays an annual licensing fee to Nasdaq and issues a tracking stock based upon the
17 Index that trades on the Nasdaq market under the symbol QQQQ.  (Id.)  Nasdaq determines,
18 composes and calculates the price of the Index.  (Id.)  Nasdaq receives substantial payments from
19 certain vendors of market price data.  (Id.)  Thus, Nasdaq's activities related to the Index and the
20 NASDAQ Official Opening Price ("NOOP") are, at least in part, for profit commercial activities.

21  The settlement value of these Index options is based on the NOOP of the 100
22 stocks comprising the Index.  (Id., ¶ 10.)  On the morning of May 19, 2006, Plaintiffs held a
23 number of large positions in Index options.  (Id.)  That date was the settlement date for the
24 positions.  (Id.)  During the first hour of trading on May 19, the Index traded as high as 1604 and
25 not below 1589.  (Id.)  Thus, the correct price for the Index, as calculated from NOOP of the 100
26 component stocks, was over 1589. (Id.)  Nasdaq announced the Index price that morning at
27 1583.45.  (Id.)  Immediately following the announcement, Plaintiffs obtained the published
28

opening prices of each component stock in the Index and computed the Index settlement price at 1589.18.  (Id., ¶ 11.)

Accordingly, Plaintiffs seek damages and other relief under California state law for negligence and negligent misrepresentation.  (Id., ¶¶ 15-25 and Prayer For Relief.)

## III.    ARGUMENT

### A.    Legal Standards

An action is removable to a federal court only if it might have been originally brought there.  28 U.S.C. § 1441(a).  Absent diversity of citizenship, an action is removable if it arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1441(b).  Mere reference to a federal statute does not establish federal jurisdiction.  Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986).  A "substantial, disputed question of federal law is a necessary element of one of [the plaintiff's] well-pleaded state claims."  Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 13, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983).

"In the opinion of leading scholars, a cause of action may arise under federal law if 'in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and applicability to his case of a proposition of federal law.'"  Petrie v. The Pacific Stock Exchange, Inc., 982 F. Supp. 1390, 1393-94 (N.D. Cal. 1997) (quoting P. Bator, P. Mishkin, D. Shapiro & H. Weschler, Hart & Weschler's The Federal Courts and the Federal System 889 (2d ed. 1973).  But courts should "invoke this doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results."  Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1373 (9th Cir. 1987).  Federal defenses that the defendants may raise do not confer federal jurisdiction on the plaintiff's claims.  Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987).

The "well-pleaded complaint rule" governs the presence or absence of federal question jurisdiction and provides that federal jurisdiction exists "only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Caterpillar, 482 U.S. at 392.

1  The rule makes the plaintiff the "master of the claim:  he or she may avoid federal jurisdiction by
2  exclusive reliance on state law."  Id.
3        The Court presumes a lack of federal subject matter jurisdiction unless the
4  removing party can prove otherwise.  <u>NCCS, Inc. v. Frank Hegardt Ind.</u>, 1998 U.S. Dist. LEXIS
5  13726, at *2 (N.D. Cal. Aug. 28, 1998) (Walker J.) (citing <u>Kokkonen v. Guardian Life Ins. Co.</u>,
6  511 U.S. 375, 377 (1994) and <u>Stock West, Inc. v. Confederated Tribes</u>, 873 F.2d 1221, 1225 (9th
7  Cir 1989)); <u>see also</u> <u>Gaus v Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction
8  must be rejected if there is any doubt as to the right of removal in the first instance.").  Thus, the
9  burden here is upon defendant to show that federal jurisdiction exists.
10       Section 27 of the Securities Exchange Act of 1934 reads, in relevant part:  "the
11  district courts of the United States…shall have exclusive jurisdiction of violations of this title [the
12  Act] or the rules and regulations thereunder and of all suits in equity and actions at law brought to
13  enforce any liability or duty created by this title or the rules and regulations thereunder."
14  15 U.S.C. § 78aa.  As shown below, Plaintiffs' claims in no way arise under the 1934 Act.

15  **B.    The Complaint Alleges Only Claims For Violations Of California Law**

16       As summarized above, Plaintiffs' well-pleaded Complaint alleges only claims for
17  negligence and negligent misrepresentation under California law.  The Complaint does not allege
18  that Defendant failed to act.  When Defendant acted, it did so negligently.  Nor does the
19  Complaint challenge Defendant's regulatory authority pursuant to any rule or regulation approved
20  by the SEC.  The Complaint does allege that Defendant's activity was done in furtherance of its
21  for profit commercial objectives.  Federal subject matter jurisdiction is absent.  <u>Caterpillar</u>, 482
22  U.S. at 392.  This action should be remanded.

23  **C.    There Is No Substantial Question Of Federal Law Sufficient To Confer
        Subject Matter Jurisdiction.**
24

25       When, as here, a removed complaint alleges state law claims that do not implicate
26  a substantial question of federal law, courts have held there is no federal subject matter
27  jurisdiction.  <u>Petrie v. The Pacific Stock Exchange</u>, 982 F. Supp. 1390 (N.D. Cal. 1997); <u>Lange v.
28

1   H. Hantz & Co., 418 F. Supp. 1376 (N.D. Tex. 1976); Barbara v. New York Stock Exchange,
2   Inc., 99 F.3d 49 (2d Cir. 1996); Lippitt v. Raymond James Financial Services, Inc., 340 F.3d
3   1033 (9th Cir. 2003); In re: Textainer Partnership Securities Litigation, No. C 05-0969 MMC, slip
4   op. at 11-14 (N.D. Cal. July 27, 2005).

   In Petrie v. The Pacific Stock Exchange, the plaintiffs sued the Pacific Stock Exchange ("Exchange") in state court based on various breach of contract claims. 982 F. Supp. at 1391. The plaintiffs' complaint alleged claims seeking specific performance of the Exchange's contractual agreement to provide arbitration services and appointment of a neutral arbitrator. Id. at 1393. The Exchange removed pursuant to 28 U.S.C. § 1441, asserting that plaintiffs alleged that the Exchange failed to follow its own rules and regulations promulgated under the Act and that the claims lied exclusively in federal court pursuant to section 27 of the Securities Exchange Act ("Act"), 15 U.S.C. § 78aa. Id. at 1392. The court granted plaintiffs' motion to remand:

> The Petries' right to relief does not turn on the resolution of any substantial rule or regulation promulgated under the Act. Rather, **all that is required to resolve the Petries' claims is an interpretation of the rules of the Exchange** and the submission agreements between the parties. **These questions are contractual in nature and do not create federal question jurisdiction**.

Id. at 1395. (Emphasis added.) In so holding, the court relied on decisions rendered in other jurisdictions. Id. (citing Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Georgiadis, 903 F.2d 109, 113 (2d Cir. 1990) (reviewing rules of American Stock Exchange); In re Prudential Securities Inc., 795 F. Supp. 657, 659 (S.D.N.Y. 1992); Ford v. Hamilton Investments, Inc., 29 F.3d 255, 259 (6th Cir. 1994); Lange v. Hentz & Co., 418 F. Supp. 1376, 1379 (N.D. Tex. 1976) (NASD rule not a federal question within meaning of 28 U.S.C. § 1331); Blue Water Fabricators, Inc. v. First of Michigan Corp., 1988 WL 126568 *3 (E.D. Mich. July 14, 1988) (neither New York Stock Exchange Rules nor the Act provide jurisdiction under 28 U.S.C. § 1331); Smith Barney v. Painters Local Union No. 109 Pension Fund, 976 F. Supp. 1293, 1996 WL 914015 (D. Neb. 1996) (citations omitted). Id. at 1395 (parentheticals in original).

   Moreover, the court rejected the Exchange's argument that Section 27 of the Act

1  vested federal courts with exclusive jurisdiction over the matter. "[T]he Ninth Circuit has clearly
2  held that this provision does not expressly authorize private actions for stock exchange
3  violations." Id. at 1395-96 (citing In re Verifone Securities, 11 F.3d 865, 870 (9th Cir. 1993)
4  (reporting rules of NYSE, NASD and AMEX do not support private right of action) (parenthetical
5  in original); Jablon v. Dean Witter, 614 F.2d 677, 679 (9th Cir. 1980). Instead, "the source of
6  plaintiffs' rights must be found, if at all, in the substantive provisions of the 1934 Act which they
7  seek to enforce, not in the jurisdictional provision.'" Id. at 1395-96 (quoting Jablon, 614 F.2d at
8  680 (internal quotations and citation omitted). The court also reasoned that courts in other
9  jurisdictions held that Section 19 of the Act did not create a private right of action. Id. at 1396
10 (citations omitted).

11         In Lange v. H. Hentz & Co., on which Petrie relied, plaintiff investors sued a
12 securities dealer and its employee in connection with alleged market manipulation of a stock
13 underlying warrants that plaintiffs purchased. 418 F. Supp. at 1376. The complaint alleged
14 claims that the defendants breached duties prescribed by the NASD Rules of Free Trade, and also
15 those under the Securities Act of 1933, the Securities Exchange Act of 1934, Texas state law and
16 Tennessee state law. Id. The court held that it lacked subject matter jurisdiction. Id. at 1377.

17         The Lange court initially observed the following with respect to the relationship
18 between the SEC and the NASD: "[D]espite owing its existence and in large measure its power
19 and prestige to the SEC, NASD is still a private association governed by its own rules as
20 developed and applied by its own members." Id. at 1379.

21         With respect to jurisdiction under § 27, Lange drew a distinction between rules
22 and regulations under the federal securities laws, for which the district courts had exclusive
23 jurisdiction, as compared to rules of the exchange, for which exercise of exclusive jurisdiction
24 implicated constitutional problems:

25>        I agree [with Judge Friendly in In Colonial Realty Corp. v. Bache,
           358 F.2d 178 (2d Cir.), cert. den. 385 U.S. 817, 87 S. Ct. 40, 17 L.
26         Ed. 2d 56 (1966)], **recognition of the distinction between the
           phrases "rules of the exchange" and "rules and regulations
27         under the SEA" is a wise one.** By the language contained in
           Section 32, which is all but identical to the language contained in
28

> Section 27, Congress **could not have meant that NASD should be given the authority** to define new crimes. **That task lies with Congress** or perhaps, in narrowly defined circumstances, with the SEC. Yet **to interpret the words "the rules and regulations" under the SEA in Section 27 to include the words "rules of the exchange" when they nowhere appear in the text of Section 27 would be tantamount to recognizing such broad authority**. And such authority, in addition to being rife with the constitutional problems of delegation and vagueness, would inevitably flood the judicial system with what Judge Friendly in Colonial has correctly termed the 'garden variety' dispute between the broker-dealer, and investor. In addition, **as important a consideration is the fact that exclusive federal jurisdiction must follow from such interpretation with the result being the segregation of the investor from traditional state remedies**, including arbitration, which may exist in the state system for breach of NASD rules. This Court will not lightly close those avenues for dispute resolution and will not at the same time dramatically expand federal court jurisdiction without a clear and convincing mandate that Congress intended such a result; an intention which has not been definitively demonstrated in this case.

Id. at 1379-80 (N.D. Tex. 1976) (citation and emphasis added).

The court reasoned, with respect to 28 U.S.C. § 1331:

> I hold that a breach of NASD rules is simply a breach of a private association's rules, although that association is one which is closely related to the SEC. This case, therefore, does not present a question which arises under the laws of the United States. **Construing Section 1331 narrowly as I must, I find no remedy expressly granted by Congress for a breach of NASD rules, no claim which is based upon a direct construction of the SEA and no distinct policy of the SEA which requires that federal principles control the disposition of the claim. I find instead a simple claim for the breach of a private association's rules** of fair trade.... Under those circumstances, a breach of NASD rules, even if such a breach were to give rise to liability, is **not a question which properly 'arises under the Constitution, laws or treaties of the United States' within the meaning of Section 1331.**

Id. at 1380-81 (emphasis added).

In Barbara, the court considered *sua sponte* the issue of federal subject matter jurisdiction. 99 F.3d at 53. There, plaintiff alleged claims under New York law related to his alleged wrongful bar from the Exchange floor by the NYSE, in violation of its internal rules. Id. at 52, 54. The defendant removed pursuant to 28 U.S.C. §§ 1441 and 1442, and argued that Section 27 of the Exchange Act vested the district court with exclusive jurisdiction. Id. at 53. Still, the court held that the district court erred in exercising removal jurisdiction. Id. In so

holding, the court relied on Merrell Dow which stated that Congress' failure to provide a private right of action for violation of the Federal Food, Drug and Cosmetic Act supported a conclusion that the presence of a claimed violation of the statute as an element of a state law claim was insufficiently substantial to confer federal question jurisdiction. Id. at 54 (citing and quoting Merrell Dow, 478 U.S. at 814).

As in Petrie, Lange and Barbara, Plaintiffs' Complaint does not present a question that arises under the laws of the United States. Plaintiffs do not allege claims under the Exchange Act. Moreover, Plaintiffs allege that Defendant was engaged in for profit commercial activity, not in its capacity as a regulator. In addition, the rationale in Lange precludes a finding of exclusive jurisdiction here. There is simply no substantial federal question sufficient to confer federal subject matter jurisdiction. The Court should remand this action to the California Superior Court.

Here, Defendant's authorities do not support a different result. Defendant argues in support of subject matter jurisdiction under 15 U.S.C. § 78aa and 28 U.S.C. § 1441(a), that the claims arise out of the Securities Exchange Act of 1934, and the rules and regulations promulgated thereunder. (Notice, ¶ 10.) Release No. 34-21890, 50 Fed. Reg. 12672 (March 29 1985), discusses NASD's proposed rule change relating to the Nasdaq-100 Index Option. Release No. 22404, 50 Fed. Reg. 38235 (Sept. 20, 1985), discusses the SEC's approval of NASD's proposed rule change relating to Index options. Release No. 34-39326, 62 Fed. Reg. 62385 (Nov. 21, 1997), discusses the SEC's approval of (among other things) NASD's amendments to its corporate documents, its regulatory subsidiary (NASD Regulation, Inc.) and Nasdaq, as well as to NASD's plan of allocation and delegation of functions. Release No. 34-48997, 69 Fed. Reg. 716 (Jan. 6, 2004), discusses the SEC's approval of NASDs proposed rule change to establish a Nasdaq Official Opening Price. Release No. 34-53128, 71 Fed. Reg. 3550 (Jan. 23, 2006), discusses Nasdaq's application to become a national securities exchange. And Release No. 34-51884, 70 Fed. 36973 (June 27, 2005), discusses the SEC's consideration of Amex's proposed rule change relating to Amex's proposed correction of an omission in its rules to trade options on

1  the full and reduced values of the Nasdaq-100 Index.  The Releases cited by Defendant do not
2  morph the various rule of exchange changes it sought into "rules and regulations" under the
3  Exchange Act.  Absent that showing by Defendant, its position on jurisdiction fails.  See Lange,
4  418 F. Supp. at 1379-80.

5  Moreover, Defendant's reliance on Sparta Surgical Corporation v. NASD,
6  159 F.3d 1209 (9th Cir. 1998) and on Hawkins v. NASD, 149 F.3d 330 (5th Cir. 1998) is
7  misplaced.  They are distinguishable because neither involved claims against defendants in
8  connection with their for profit commercial activity.  In fact, the district court in Sparta made that
9  distinction in its rationale: "Sparta is correct that under certain circumstances some courts have
10 rejected federal jurisdiction in cases concerning NASD rule violations.  However, as defendant
11 notes, the facts here differ since they involve a claim against the NASD as regulator."  Sparta
12 Surgical Corporation v. NASD, 1996 U.S. Dist. LEXIS 13197, **5-6 (N.D. Cal. Aug. 14, 1996).
13 See Hawkins, 149 F.3d at 331 (no subject matter jurisdiction over claims against NASD in its
14 capacity of arbitrator) ("[plaintiff's] lawsuit…named the NASD as a defendant, alleging that the
15 NASD was biased against him, failed to properly administer the arbitration proceeding, and
16 conspired with Prudential to harm him and deprive him of a fair arbitration.").

17 As other courts have recognized, Sparta is limited to where the NASD is acting
18 solely in its role as a regulator.  Here, Plaintiffs are not challenging the procedure established for
19 setting NOOP or seeking to have that procedure changed in any manner.  The state law claims
20 asserted here focuses solely on Nasdaq's negligence in disseminating an incorrect price.  See
21 Lippitt, 340 F.3d at 1045 (no federal jurisdiction where court is not required "to make an
22 independent assessment about whether Defendants violated exchange rules or regulations.")
23 (citing Barbara, 99 F.3d at 54-55); see also Finance Trading Ltd. v. Rhodia, 2004 U.S. Dist.
24 LEXIS 24148, **24-26 (S.D.N.Y. Nov. 30, 2004) ("[t]his case differs from…Sparta Surgical
25 because, although federal securities laws do indeed relate to the subject matter of plaintiffs' case,
26 plaintiffs' claims do not rest upon violation of federal laws….our Court of Appeals has held that
27 'the borrowing…of federal law as a standard of conduct in a state created action is not
28

sufficiently substantial to confer federal question jurisdiction.'") (quoting West 14th Street Comm. Corp. v. 5 West 14th Owners Corp., 815 F.2d 188, 193 (2d Cir. 1987).  Thus, no federal scheme of regulation is implicated by Plaintiffs' state law claims.

### D. **Plaintiffs Are Entitled To An Award Of Fees And Costs Incurred As A Result Of Removal**

Upon a showing that removal to federal court was not proper, the party seeking remand may be entitled to "payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Such an award is appropriate here since there is no legal basis for assertion of federal subject matter jurisdiction.  See Moore v. Kaiser Foundation Hospitals, Inc., 765 F.Supp. 1464, 1465-66 (N.D. Cal. 1991), aff'd 981 F.2d 443 (9th Cir. 1992).  "A court can award such fees and costs even absent a showing of bad faith on the part of the removing party."  Pedott v. Goldinger, 1998 U.S. Dist. LEXIS 4259, *12 (N.D. Cal. March 27, 1998).

Plaintiffs request an award of all costs and attorneys' fees incurred as a result of removal.  A detailed statement of those fees and costs will be submitted to the Court and served upon defendants following entry of the remand order.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs request that the Court grant their motion and remand this action to the Santa Clara Superior Court.  A proposed form of Order is submitted herewith.

Dated:  August 10, 2007          LAW OFFICES OF GEORGE S. TREVOR

By:    /s/ *George S. Trevor*
       George S. Trevor

Attorney for Plaintiffs