1  George S. Trevor (127875)
   LAW OFFICE OF GEORGE S. TREVOR
2  300 Tamal Plaza, Suite 180
   Corte Madera, California 94925
3  Telephone: (415) 924-7147
   Facsimile:  (415) 924-7159
4
   Attorney for Plaintiffs
5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA
                          SAN JOSE DIVISION
10

11 | OPULENT FUND, L.P., a Delaware limited partnership and OPULENT LITE, L.P., a Delaware limited partnership, | Case No.: C 07-3683 RMW |
12 |  | **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** |
13 | Plaintiffs, |  |
14 | v. |  |
15 | THE NASDAQ STOCK MARKET, INC., a Delaware Corporation, and DOES ONE through TEN, inclusive | Date: September 28, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom of the Hon. Ronald M. Whyte |
16 |  |  |
17 | Defendants. |  |

18

...

28
                                                    CASE NO: C 07-3683 RMW

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND FOR LACK OF
SUBJECT MATTER JURISDICTION**

## I. INTRODUCTION

Plaintiff do not dispute that where a claim arises under rules and regulations issued pursuant to the Securities Exchange Act of 1934 (the "Exchange Act") the federal courts have exclusive subject matter jurisdiction. Thus, much of Defendant's opposition to remand does not require a response. The essence of Defendant's, the Nasdaq Stock Market ("Nasdaq"), argument against remand is that the wrong Plaintiffs complain of is part of its delegated regulatory authority. That argument ignores the clear distinction between conduct that regulates and conduct that is part of Nasdaq's for profit business operations. Plaintiff does not challenge Nasdaq's delegated authority to use the Nasdaq 100 Index ("Nasdaq 100") or the SEC approved process by which it calculates the Nasdaq 100's price. What Plaintiffs do seek is that when Nasdaq acts, as it did on the morning of May 19, 2006, it acts in a non-negligent fashion.

Thus, Plaintiffs do not dispute Nasdaq assertion that certain acts such as its ability to use the Nasdaq 100 or the methodology to calculate its price are part of its delegated authority. However, just as a public official may be personally liable for his negligence in carry out public policy, Nasdaq and its employees may be liable if they negligently calculated the Nasdaq 100's price on May 19, 2006. A claim alleging such negligence does not necessarily implicate exclusive federal jurisdiction under the Exchange Act.

## II. ARGUMENT

**Sparta Surgical Holding Does Not Convert Every Claim Against Nasdaq Into a Federal Question**

Nasdaq argues that <u>Sparta Surgical Corp. v. Nat'l Assoc. of Sec. Dealers, Inc.</u>, 159 F. 3d 1209 (9th Cir. 1998) answers the question of jurisdiction definitively. Plaintiffs do not question that <u>Sparta Surgical</u> broaden the jurisdictional reach of federal courts for claims against defendants such as Nasdaq. However, as the Court in <u>Sparta Surgical</u> recognized, there are limits. The current case invokes such limits.

As explained in Plaintiffs' Opposition to Nasdaq's Motion to Dismiss, the conduct at issue here does not implicate the power of Nasdaq to use the Nasdaq 100 or the approved methodology to calculate its value. As the Court in <u>Sparta Surgical</u> recognized, a claim based

- 1 -  CASE NO: C 07-3683 RMW

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

1  upon the regulatory action of delisting Plaintiff's stock for the national market system "is
2  necessarily based on an assumed violation of the rules governing such procedures." Id at 1212.
3  The claim here does not require such an assumption because the alleged negligent conduct is
4  limited to the mathematical computation of the Nasdaq 100's price.  Nasdaq, like any person, is
5  required to act in reasonable, non-negligent manner.  When it is alleged to have not done so
6  Nasdaq should not be allowed to force such a state law claim into federal court.

7  Nasdaq attempts to distinguish a number of cases cited by Plaintiffs in their
8  opening brief on the basis that the removing defendant in those cases was an investment firm and
9  not an SRO like Nasdaq.  As to the question of exclusive federal question jurisdiction, that
10 distinction is without merit.[1]  If the claim arises under the Exchange Act, exclusive federal
11 jurisdiction exists regardless of whether a defendant is an SRO or a member of the SRO.  Thus,
12 the question faced by the Courts, including in Lippitt v. Raymond James Fin. Servs., Inc., 340 F.
13 3d 1033 (9th Circuit 2003) which was decided several years after Sparta Surgical, is whether the
14 claim must depend on the federal regulatory scheme for its viability.  Answering that question
15 does not depend on whether Nasdaq is an SRO or just a member of an SRO.  As in Lippitt, a
16 finding that Nasdaq was negligent on the morning of May 19, 2007 does not require any change
17 in SEC approved regulations or limit Nasdaq's power to use the Nasdaq 100.  It simple holds
18 Nasdaq to the same standard as any other corporation or person.  Thus, such a purely state law
19 claim does not belong in a federal court and must be remanded.

---

[1] Whether a defendant is a member firm or the actual SRO may have some impact on the question
of immunity.  That issue is discussed in Plaintiffs' Opposition to Nasdaq's Motion to Dismiss.

- 2 -    CASE NO: C 07-3683 RMW
**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

**III.     CONCLUSION**

      For the reasons stated in their moving papers and above, Plaintiffs request that the Court grant their motion and remand this action to the Santa Clara Superior Court.

Dated:  September 14, 2007        LAW OFFICES OF GEORGE S. TREVOR

                                      By:   /s/ *George S. Trevor*
                                                  George S. Trevor

                                      Attorney for Plaintiffs

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**