GIBSON, DUNN & CRUTCHER LLP
ETHAN D. DETTMER, SBN 196046
AMANDA M. ROSE, SBN 222074
One Montgomery Street
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309
Email: edettmer@gibsondunn.com

Attorneys for
THE NASDAQ STOCK MARKET, INC.

THOMAS P. MORAN
Associate General Counsel
THE NASDAQ STOCK MARKET, INC.
9600 Blackwell Road, 3rd Floor
Rockville, Maryland 20850

Of Counsel

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPULENT FUND, L.P., a Delaware limited partnership and OPULENT LITE, L.P., a Delaware limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>THE NASDAQ STOCK MARKET, INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. C 07 3683 RMW<br><br>**MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS [Fed. R. Civ. P. 54(b) & N.D. Civ. L.R. 7-9]** |

Gibson, Dunn & Crutcher LLP

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS; Case No. C 07 3683 RMW

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that defendant The Nasdaq Stock Market, Inc. (Nasdaq) moves this Court for leave to file a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 54(b) and this Court's Civil Local Rule 7-9, of that portion of this Court's October 12, 2007 Order Denying Plaintiffs' Motion for Remand and Denying Defendant's Motion to Dismiss that denied Nasdaq's motion to dismiss plaintiffs' complaint (Order). The Court's Order is based upon an erroneous interpretation of *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, ___ F.3d ___, 2007 WL 2701308 (11th Cir. 2007) (*en banc*), a case that was handed down after the close of briefing on Nasdaq's motion to dismiss. Indeed, a proper interpretation of *Weissman* supports Nasdaq's position that its challenged conduct was regulatory in nature and subject to immunity, as well as the requirement that plaintiffs exhaust their administrative remedies with the Securities and Exchange Commission.

Because the Court did not have the benefit of briefing regarding *Weissman*, and because the Court's Order relies so heavily on that opinion in subjecting Nasdaq to potential liability for carrying out its delegated functions under the Securities Exchange Act of 1934, reconsideration of the Court's Order is particularly appropriate here. Nasdaq respectfully requests that the Court grant Nasdaq leave to seek reconsideration, set a briefing schedule on its motion for reconsideration, and vacate pending dates in this matter until the motion for reconsideration is decided.

Nasdaq's motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Court's records and papers in this matter, oral argument if requested by the Court, and such other and further matters as this Court may consider.

DATED: November 7, 2007

        GIBSON, DUNN & CRUTCHER LLP

        By: _____/s/_____
           Ethan D. Dettmer

        Attorneys for The Nasdaq Stock Market, Inc.

1

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS; Case No. C 07 3683 RMW

Gibson, Dunn & Crutcher LLP

# TABLE OF CONTENTS

**Page**

I. Introduction ................................................................................................................................ 1

II. Factual And Procedural Background. ........................................................................................ 2

III. Reconsideration Is Appropriate As The Court's Order Is Largely Based On An Erroneous Interpretation Of A Decision Handed Down After Close Of Briefing. ..................................................................................................................................... 3

IV. The *Weissman* Decision, On Which The Court's Order Is Largely Based, Is In Fact Contrary To The Court's Order. ......................................................................................... 5

V. The Court's Order Undermines The Federal Scheme Of Regulation Of The Securities Markets. ..................................................................................................................... 7

VI. Conclusion. ................................................................................................................................. 9

i

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS; Case No. C 07 3683 RMW

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abada v. Charles Schwab, Inc.*,
  127 F.Supp.2d 1101 (S.D. Cal. 2000) .................................................................................... 3

*Amarel v. Connell*,
  102 F.3d 1494 (9th Cir. 1996) ................................................................................................ 3

*City and County of San Francisco v. Cambridge Integrated Services Group, Inc.*,
  No. C-04-1523-VRW (Docket #81) ....................................................................................... 4

*Cook v. NASD Regulation, Inc.*,
  31 F. Supp. 2d 1245, 1249 (D. Colo. 1998) ........................................................................... 9

*Credit Suisse First Boston Corp. v. Grunwald*,
  400 F.3d 1119 (9th Cir. 2005) ........................................................................................ 3, 6, 7

*Dexter v. Depository Trust & Clearing Corp.*, 406 F. Supp. 2d 260, 263 (S.D.N.Y. 2005),
  *aff'd*, 219 Fed. Appx. 91 (2d Cir. 2007). ................................................................................ 7

*Drayer v. Krasner*,
  572 F.2d 348 (2d Cir. 1978) ................................................................................................... 7

*Gong v. City of Alameda*,
  2007 U.S. Dist. LEXIS 33820 (N.D. Cal. 2007) .................................................................... 4

*In re Cypress Semiconductor Sec. Litig.*,
  836 F.Supp. 711 (N.D. Cal. 1993) .......................................................................................... 4

*Louen v. Twedt*,
  2007 U.S. Dist. LEXIS 69759 (E.D. Cal. 2007) .................................................................... 4

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985) ................................................................................................................ 9

*Peters v. City of Alameda*,
  2007 U.S. Dist. LEXIS 33820 (N.D. Cal. 2007) .................................................................... 3

*Pyramid Lake Paiute Tribe of Indians v. Hodel*,
  882 F.2d 364 (9th Cir. 1989) .................................................................................................. 4

*Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*,
  159 F.3d 1209 (9th Cir. 1998) ........................................................................................ 2, 3, 9

ii

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS;  Case No. C 07 3683 RMW

Gibson, Dunn & Crutcher LLP

## TABLE OF AUTHORITIES
### [Continued]

**Page(s)**

*Weissman v. Nat'l Ass'n of Sec. Dealers*, *Inc.*, 468 F.3d 1306, 1311 (11th Cir. 2006),
    *reinstated in relevant part en banc*, ___ F.3d ___,
    2007 WL 2701308 at *1 n.3 (11th Cir. 2007) ........................................................................ 1, 5, 7

*Weissman v. Nat'l Ass'n of Sec. Dealers*, *Inc.*,
    ___ F.3d ___, 2007 WL 2701308 (11th Cir. 2007) (*en banc*) ................................................... *passim*

*Wolk v. Green*,
    2007 U.S. Dist. LEXIS 67861 (N.D. Cal. 2007) ............................................................................ 4

### STATUTES

15 U.S.C. § 78f-b(5) ............................................................................................................................ 1, 5

15 U.S.C. § 78o-3(b)(6) .................................................................................................................. 1, 5, 6, 7

15 U.S.C. § 78s(b) ................................................................................................................................ 6, 7

Fed. R. Civ. P. 54(b) ............................................................................................................................ 3, 4

### OTHER AUTHORITIES

Nasdaq Rule 7019 ..................................................................................................................................... 7

*Report of the Advisory Committee on Market Information: A Blueprint for Responsible Change*,
    Sept. 14, 2001 (available at www.sec.gov/divisions/marketreg/marketinfo/finalreport.htm) ........... 8

*SEC Concept Release:  Regulation of Market Information Fees and Revenue*, 17 CFR Part 240,
    Release No. 34-42208 at p. *4, File No. S7-28-99 (Dec. 9, 1999) ............................................... 8, 9

SEC Release No. 34-19264, *American Stock Exchange*, *Inc. et al.*; *Self Regulatory Organizations*;
    *Order Approving Proposed Rule Changes*, 47 Fed. Reg. 53,981, 53,983 (Nov. 30, 1982) .............. 6

SEC Release No. 34-21890, *Self-Regulatory Organizations; National Association of Securities
    Dealers, Inc.; Proposed Rule Change*, 50 Fed. Reg. 12,672 (March 29, 1985) ............................ 6, 7

SEC Release No. 34-22404, *Self Regulatory Organizations; National Association of Securities
    Dealers, Inc.; Order Approving Proposed Rule Changes and Granting Accelerated Approval to
    Proposed Rule Change Relating to Index Options*, 50 Fed. Reg. 38,235 (Sept. 20, 1985) ........... 6, 7

### RULES

N.D. Cal. Civil L.R. 7-3 ......................................................................................................................... 4

Gibson, Dunn &
Crutcher LLP

iii

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER
DENYING DEFENDANT'S MOTION TO DISMISS;  Case No. C 07 3683 RMW

**TABLE OF AUTHORITIES**
**[Continued]**

**Page(s)**

N.D. Cal. Civil L.R. 7-9 .................................................................................................................. 3, 4

Gibson, Dunn & Crutcher LLP

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS; Case No. C 07 3683 RMW

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Nasdaq Stock Market, Inc. (Nasdaq) respectfully requests that the Court grant Nasdaq leave to seek reconsideration of the Court's Order denying Nasdaq's motion to dismiss, which was entered on October 12, 2007 (Order).

**I.     Introduction.**

This Court's Order denying Nasdaq's motion to dismiss relies on an erroneous interpretation of the *en banc* decision of the Eleventh Circuit in *Weissman v. Nat'l Ass'n of Sec. Dealers*, *Inc*., ___ F.3d ___, 2007 WL 2701308 (11th Cir. 2007), which was handed down after the close of briefing on Nasdaq's motion to dismiss. Because this Court did not have the benefit of briefing on *Weissman*, the Court likened the conduct at issue in the instant case – Nasdaq's calculation and dissemination of a stock index price pursuant to regulation – to Nasdaq's commercial advertising in newspapers and on television, which the *Weissman en banc* court found not to give rise to immunity. But Nasdaq's conduct here is far more similar to the *other* conduct at issue in the *Weissman* case – the dissemination to the public of company financial documents – for which the Eleventh Circuit found Nasdaq *was* entitled to absolute immunity. Because the *Weissman* decision is so central to this Court's Order denying Nasdaq's motion to dismiss, and because this more factually and legally relevant aspect of the *Weissman* case was not addressed in the Court's Order, reconsideration of the Order is appropriate to reconcile *Weissman* with Ninth Circuit authority and the comprehensive statutory and regulatory scheme governing Nasdaq's challenged conduct.

Reconsideration of the Order is particularly important because the Order undercuts the statutory and regulatory scheme that Congress and the Securities and Exchange Commission (SEC) have put in place to regulate the national securities markets, including the requirement that the SEC work with and oversee self-regulatory organizations, such as Nasdaq, "to remove impediments to and perfect the mechanism of a free and open market and a national market system." 15 U.S.C. § 78f(b)(5); *see* 15 U.S.C. § 78o-3(b)(6); *Weissman v. Nat'l Ass'n of Sec. Dealers*, *Inc*., 468 F.3d 1306, 1311 (11th Cir. 2006), *reinstated in relevant part en banc*, 2007 WL 2701308 at *1 n.3. The SEC has recognized that the dissemination of market data – as well as the fees charged by SROs for disseminating that data – are integral to the SEC's oversight of the markets and the self-regulatory

1

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS; Case No. C 07 3683 RMW

Gibson, Dunn & Crutcher LLP

organizations' ability to function as important parts of the federal system regulating the national securities markets. A ruling by this Court subjecting Nasdaq to possible liability based on state law theories for its conduct carried out pursuant to duties imposed by Congress and the SEC would undercut this regulatory scheme. Indeed, a "rule permitting recovery under [Opulent's] theory would allow states to define by common law the regulatory duties of a self-regulatory organization, a result which cannot co-exist with the Congressional scheme of delegated regulatory authority under the [Securities and] Exchange Act [of 1934 (Exchange Act)]." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, *Inc*., 159 F.3d 1209, 1215 (9th Cir. 1998).

Because the Court's Order appears to be based, in large part, on a misinterpretation of a case that could not have been fully briefed at the time, and because the Court's Order stands as an obstacle to the statutory and regulatory scheme regulating the securities markets, Nasdaq respectfully submits that it should be permitted to seek reconsideration of that Order, and that upon such reconsideration, its motion to dismiss should be granted.

## II.     Factual And Procedural Background.

Plaintiffs Opulent Fund, L.P. and Opulent Lite, L.P. (Opulent) claim that Nasdaq negligently calculated and disseminated the price of the Nasdaq-100 Index, and harmed Opulent in its business of trading options based on that Index. Complaint, ¶¶ 9-13. The Nasdaq-100 Index price is calculated based on the NASDAQ Official Opening Price (NOOP) of the 100 largest non-financial securities traded on the Nasdaq Exchange. *See* Order, p. 2. The parties and the Court recognize that the SEC has reviewed and approved, as rule changes under the Exchange Act, the structure for calculating and publishing both the NOOP and the Nasdaq-100 Index price. *Id*.; Opp. to Mot. to Dismiss, p. 5.

Nasdaq moved to dismiss Opulent's complaint on the grounds that it is immune from claims for liability based on its conduct carrying out its duties under the Exchange Act, and that Opulent had not exhausted its administrative remedies with the SEC. *See* Mot. to Dismiss, pp. 6 & 8-9. Opulent recognized that Nasdaq is entitled to immunity for its regulatory activities and that exhaustion of administrative remedies is required in challenging Nasdaq's regulatory activities, but argued that calculation and dissemination of index prices are not regulatory activites subject to immunity or exhaustion of administrative remedies. Opp. to Mot. to Dismiss, pp. 4-5 & 6-7. In its Order denying

Gibson, Dunn & Crutcher LLP

2

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS;  Case No. C 07 3683 RMW

Nasdaq's motion to dismiss, this Court recognized that Nasdaq "is absolutely 'immune from liability based on the discharge of its duties under the Exchange Act.'" Order, p. 6, *quoting Sparta Surgical*, 159 F.3d at 1213.[1] Nevertheless, the Court held that "Nasdaq's market facilitating actions at issue in this case were non-regulatory, and hence there is no absolute immunity." *Id*., at p. 8. In so holding, the Court relied heavily on the *en banc* decision of the Eleventh Circuit in *Weissman*, which, as already noted, was handed down after the close of briefing on Nasdaq's motion to dismiss. *See* Order, pp. 6-8.

### III. Reconsideration Is Appropriate As The Court's Order Is Largely Based On An Erroneous Interpretation Of A Decision Handed Down After Close Of Briefing.

This Court has broad discretion to reconsider its interlocutory rulings at any point before final judgment is entered. *See*, Fed. R. Civ. P. 54(b); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). Civil Local Rule 7-9 provides, in relevant part:

> (a) Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9.
>
> (b) No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law. *See, e.g., Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005); *Gong v. City of Alameda*, 2007 U.S. Dist. LEXIS 33820 (N.D. Cal. 2007), citing *Abada v. Charles Schwab, Inc.,* 127 F.Supp.2d 1101, 1101 (S.D. Cal. 2000).

Here, due to the unfortunate timing of the issuance of the *Weissman en banc* decision, the parties were not able to fully explore the impact of that decision, and thus the Court's Order does not take into account the most factually and legally relevant aspect of *Weissman*. In analogous

---

[1] In its order denying Opulent's motion to remand this matter to state court, the Court recognized that Nasdaq's duties at issue here do arise under the Exchange Act, holding that Nasdaq's duty to Opulent can only be judged "in reference to the SEC-approved rules governing how the Nasdaq-100 [Index] is calculated." Order, p. 4.

3

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS; Case No. C 07 3683 RMW

Gibson, Dunn & Crutcher LLP

circumstances, where a court has failed to consider dispositive legal arguments presented (albeit in abbreviated form) before issuing its order, courts have granted motions for reconsideration under both this Court's Local Rule 7-9 and Federal Rule Civil Procedure 54(b). *See, e.g., Louen v. Twedt*, 2007 U.S. Dist. LEXIS 69759, *11, *25 (E.D. Cal. 2007) (where court raised equitable exception to application of collateral estoppel doctrine *sua sponte*, court reanalyzed ruling on motions *in limine* and reversed previous ruling); *Wolk v. Green*, 2007 U.S. Dist. LEXIS 67861 (N.D. Cal. 2007) (granting motion for reconsideration where court had previously dismissed elder abuse claim, but case authority on plaintiff's ability to state a claim did not clearly preclude her claim); *City and County of San Francisco v. Cambridge Integrated Services Group, Inc.*, No. C-04-1523-VRW (Docket #81) (April 2, 2007) (granting motion for reconsideration where the court erred in deciding as a matter of law that a non-contractual duty arose between plaintiffs and third party); *Gong v. City of Alameda*, 2007 U.S. Dist. LEXIS 33820 (N.D. Cal. 2007) (granting motion for reconsideration in order to properly resolve case on merits, even where plaintiff failed to bring the relevant cases to the court's attention at summary judgment proceedings); *In re Cypress Semiconductor Sec. Litig.*, 836 F.Supp. 711 (N.D. Cal. 1993) (reconsidering decision on motion to dismiss where court's prior ruling contained errors such that it would constitute manifest injustice to dismiss the claims).

Reconsideration is appropriate here because this Court's Order relies, in large part, upon a misinterpretation and misapplication of the *en banc* decision in *Weissman*. *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364 (9th Cir. 1989) (finding no abuse of discretion where district court's reexamination of a prior ruling corrected a "clear error"). Because the *Weissman* decision was issued after briefing had concluded in this case, the Court has not had the benefit of thorough briefing, which would have illuminated the true import of the *Weissman* case on the outcome of Nasdaq's motion to dismiss.[2] As set forth below, the *Weissman* decision, properly interpreted,

---

[2] The *Weissman* case, and this specific issue, "were presented to the Court before such interlocutory order," as required by Local Rule 7-9(c)(3), but only in the very abbreviated and non-argumentative form permitted in a "Statement of Recent Decision" under Civil Local Rule 7-3(d). *See* Nasdaq's Statement of Recent Decisions (dkt. no. 13, filed Sept. 20, 2007), at p. 2.

4

Gibson, Dunn & Crutcher LLP

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS;  Case No. C 07 3683 RMW

strongly supports the arguments set forth in Nasdaq's motion to dismiss, and underscores Nasdaq's entitlement to absolute immunity for the conduct in question.

### IV. The *Weissman* Decision, On Which The Court's Order Is Largely Based, Is In Fact Contrary To The Court's Order.

The plaintiff in *Weissman* claimed that Nasdaq was liable to him for his losses on WorldCom securities, based on two different types of conduct: *First*, because Nasdaq disseminated to the public WorldCom's "fraudulent financial statements" (2007 WL 2701308 at *1 & 4); and *second*, because Nasdaq "advertised WorldCom" as a "successful growth company" in "major prime time programming" television advertisements and in the Wall Street Journal (*id.* at *4). The *Weissman en banc* opinion, and this Court's Order, discuss only the *second* challenged conduct at issue in the *Weissman* case – Nasdaq's commercial advertisements on television and in the Wall Street Journal. The *first* type of challenged conduct – dissemination of WorldCom's financial statements – is not discussed in the *en banc* decision or in this Court's Order. But the *en banc* Eleventh Circuit expressly reinstated that portion of the panel decision that had held that Nasdaq is *immune* from liability for this conduct. *Id.* at *1 n.3.

This relevant portion of the *Weissman* panel decision, reinstated by the *en banc* decision, holds that "'dissemination' of company financial statements warrants absolute immunity because, at the very least, it is undertaken pursuant to NASDAQ's regulatory authority 'to remove impediments and perfect' the free market." *Weissman*, 468 F.3d at 1311 (quoting 15 U.S.C. § 78o-3(b)(6))[3], *reinstated in relevant part en banc*, 2007 WL 2701308 at *1 n.3. Specifically, the *en banc Weissman* Court stated that "we hereby reinstate the original panel's determinations . . . reversing the trial court's denial of absolute immunity for the portions of Weissman's complaint involving NASDAQ's 'dissemination of WorldCom's fraudulent financial statements.'" *Weissman*, 2007 WL 2701308 at *1 n.3.

---

[3] Both national securities exchanges, such as Nasdaq, and registered securities associations, such as the Financial Institutions Regulatory Authority, Inc. (formerly known as the National Association of Securities Dealers, Inc.), have precisely this same statutory duty and requirement. *Compare* 15 U.S.C. § 78o-3(b)(6) (registered securities associations), *with* 15 U.S.C. § 78f(b)(5) (national securities exchanges).

5

Gibson, Dunn & Crutcher LLP

In other words, Nasdaq's dissemination of market data to the public "warrants absolute immunity" because, "at the very least," it furthers Nasdaq's regulatory duty to perfect the securities market. *Id*. This teaching of the *Weissman* decision is directly contrary to Opulent's and the Court's observation that "pricing an index is not a 'regulatory function' and therefore not conduct cloaked with absolute immunity." Order, p. 7. Indeed, the asserted basis for the SEC's approval of the Nasdaq-100 Index was the same statutory basis that the *Weissman* panel relied on in holding that the dissemination of company financial statements is regulatory in nature. "The statutory basis for the proposed rule change is found in section 15A(b)(6) of the [Exchange Act (15 U.S.C. § 78o-3(b)(6))], . . . in that approval of the [Nasdaq-100 Index] will serve to 'perfect the mechanism of a free and open market and a national market system.'" SEC Release No. 34-21890, *Self-Regulatory Organizations; National Association of Securities Dealers, Inc.; Proposed Rule Change*, 50 Fed. Reg. 12,672 (March 29, 1985); *see* SEC Release No. 34-22404, *Self Regulatory Organizations; National Association of Securities Dealers, Inc.; Order Approving Proposed Rule Changes and Granting Accelerated Approval to Proposed Rule Change Relating to Index Options*, 50 Fed. Reg. 38,235 (Sept. 20, 1985) (approving Nasdaq-100 Index).[4]

Thus this Court was correct when it observed that "Nasdaq's conduct in this case appears more regulatory than its advertising activities in *Weissman*." Order, p. 7. But the Court did not go far enough. The conduct at issue in the instant case is, in fact, even more regulatory in nature than the dissemination of company financial statements that the *Weissman* court found to be regulatory conduct entitled to absolute immunity. Indeed, the SEC itself stated that it "'has a regulatory interest in the indices themselves.'" Mot. to Dismiss, at p. 3, quoting SEC Release No. 34-19264, *American Stock Exchange*, *Inc. et al.*; *Self Regulatory Organizations*; *Order Approving Proposed Rule Changes*, 47 Fed. Reg. 53,981, 53,983 (Nov. 30, 1982).

---

[4] The Ninth Circuit recognized that the 1975 Amendments to the Exchange Act limited self-regulatory organizations' rulemaking authority by "requiring [self-regulatory organizations] to file a proposed rule with the [SEC], along with a policy statement justifying the basis and purpose of the proposed rule." *Grunwald*, 400 F.3d at 1130, citing 15 U.S.C. § 78s(b)(1).

6

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS;  Case No. C 07 3683 RMW

### V. The Court's Order Undermines The Federal Scheme Of Regulation Of The Securities Markets.

In its Order, the Court asserted that "Nasdaq wished to create a derivatives market based on the stocks listed on its exchange," and that "Nasdaq encouraged investors to create instruments based on the index's value and chose to disseminate this information."  Order, p. 7.  The Court concluded that "Nasdaq took this course of action because it profits from selling the market price data," and that, "[i]n choosing to create the index and disseminate this price information, Nasdaq 'represents no one but itself.'"  *Id*., quoting *Weissman*, 2007 WL 2701308 at *4-*5.  Nasdaq respectfully submits that these assertions are in error.  Nasdaq carries out its duty of calculating and disseminating the Nasdaq-100 Index prices in furtherance of its statutory responsibility to "perfect the mechanism of a free and open market and a national market system."  15 U.S.C. § 78o-3(b)(6); *see Weissman*, 468 F.3d at 1311 (recognizing Nasdaq's regulatory responsibility "'to remove impediments and perfect' the free market"), *reinstated in relevant part en banc*, 2007 WL 2701308 at *1 n.3; 50 Fed. Reg. at 12,673; 50 Fed. Reg. 38,235.

Thus Nasdaq emphatically does not represent only itself in engaging in the conduct at issue in this case, but rather acts, with the SEC's approval, in the national interest.  The Ninth Circuit recognized as much, holding that the "ultimate approval of a proposed [self-regulatory organization] rule reflects the [SEC's] determination that the proposed rule is consistent with the purposes of the Exchange Act" and is "the 'measure of congressionally delegated authority for self-regulation in the national interest.'"  *Grunwald*, 400 F.3d at 1131 (quoting *Drayer v. Krasner*, 572 F.2d 348, 358 (2d Cir. 1978)); *see also Dexter v. Depository Trust & Clearing Corp.*, 406 F. Supp. 2d 260, 263 (S.D.N.Y. 2005) ("SROs [do not] lose their immunity because, in addition to their regulatory functions, they also are profit-making and profit-seeking enterprises"), *aff'd*, 219 Fed. Appx. 91 (2d Cir. 2007); Nasdaq Rule 7019 (SEC-approved rule setting Nasdaq's market data distributor fees).

In addition, the SEC has made clear that the "market facilitating actions" this Court held were not regulatory activities (Order, p. 7) are the result of the SEC's considered approval of policies and practices governing the dissemination of market information.  For instance, the SEC stated that "[b]road public access to consolidated market information was not the fortuitous result of private

7

market forces, but of planning and concerted effort by the Congress, the [SEC], the [self-regulatory organizations], and the securities industry as a whole." *SEC Concept Release: Regulation of Market Information Fees and Revenue*, 17 CFR Part 240, Release No. 34-42208 at p. *4, File No. S7-28-99 (Dec. 9, 1999) ("Concept Release"). The SEC further explained that, when Congress amended the Exchange Act in 1975,

> it authorized the [SEC] to facilitate the creation of a national market system for securities, the heart of which was to be communications systems that would disseminate consolidated market information. Under this regulatory framework, the [self-regulatory organizations] have developed and funded the systems that have been so successful in disseminating a highly-reliable, real-time stream of consolidated market information throughout the United States and the world.

*Id*. The "price transparency" that has resulted from this "highly reliable, real-time stream" of market information "is a cornerstone of the U.S. national market system." *Report of the Advisory Committee on Market Information: A Blueprint for Responsible Change*, Sept. 14, 2001 (available at www.sec.gov/divisions/marketreg/marketinfo/finalreport.htm), at Sect. II, p. 13 ("Advisory Committee Report").[5] Indeed, the SEC's Advisory Committee on Market Information determined that this "transparency plays a fundamental role in the fairness and efficiency of the U.S. securities markets" (*id*., at Sect. VII.A., p. 43), and explained in detail the SEC's and the self-regulatory organizations' roles in regulating and facilitating the availability of market data (including fees charged for that data) and the transparency of the markets (*id*., at Sects. III. & IV., pp. 15-36).

Thus the "market facilitating actions" that this Court concluded were not "regulatory" in nature are the direct result of the cooperative regulation put in place by Congress and carried out by the SEC and the self-regulatory organizations. Not only has the SEC specifically approved the Nasdaq-100 Index and indicated its "regulatory interest" in such indices, it has also declared its regulatory oversight and pervasive control over the consolidation, dissemination and pricing of

---

[5] "In August 2000, the [SEC] established the SEC Advisory Committee on Market Information ('Advisory Committee') to assist it in evaluating issues relating to the public availability of market information in the equity and options markets…. The SEC gave the Advisory Committee a broad mandate to explore both fundamental matters, such as the benefits of price transparency and consolidated market information, and practical issues, such as the best model for collecting and distributing market information and how prices for market data should be determined." Advisory Committee Report, at Sect. I., p. 12.

8

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS; Case No. C 07 3683 RMW

market information and the Congressionally-mandated involvement of self-regulatory organizations, such as Nasdaq, in those regulated activities:

> Public discussion about the dissemination of market information often has been framed in terms of the question: "Who owns market information?" This question presumes, however, that essentially state law concepts of ownership prevail in this area. In fact, market information, at least since 1975, has been subject to comprehensive regulation under the Exchange Act ….

Concept Release, at pp. *6-*7. In addition to showing Nasdaq's immunity to this suit, this is also why Opulent must first exhaust its administrative remedies with the SEC before seeking judicial recourse for the alleged wrongs in this case. "It is the SEC that is required, in the first instance, to determine whether self-regulatory organization[s] . . . [are] discharging properly their duties and responsibilities in compliance with all applicable federal rules, regulations and federal law." *Cook v. NASD Regulation, Inc.*, 31 F. Supp. 2d 1245, 1249 (D. Colo. 1998).

These pronouncements underscore the danger here, highlighted by the Ninth Circuit, that a "rule permitting recovery under [Opulent's] theory would allow states to define by common law the regulatory duties of a self-regulatory organization, a result which cannot co-exist with the Congressional scheme of delegated regulatory authority under the Exchange Act." *Sparta Surgical*, 159 F.3d at 1215. Thus, Nasdaq respectfully submits that the policies underlying absolute immunity, as well as the policy of protecting the SEC's oversight and control of the national market system, would both be materially advanced by a thorough discussion of the *Weissman* decision and the other grounds for this Court's Order denying Nasdaq's motion to dismiss.[6]

**VI.  Conclusion.**

Due to the unfortunate timing of the release of the *Weissman en banc* decision, the Court entered its Order denying Nasdaq's motion to dismiss without briefing on that decision. Because the Court did not have the benefit of thorough briefing, the Court's reliance on, and discussion of, the *Weissman en banc* decision is in error, and not consistent with the proper interpretation of that

---

[6] Further, the nature of Nasdaq's complete immunity would be fundamentally undercut by having to engage in litigation and discovery, and advance these case-dispositive arguments at a later point in the case. Immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985).

9

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS;  Case No. C 07 3683 RMW

decision. Furthermore, the Court's Order does not take into account the regulatory significance of the activities at issue in this case, and therefore will stand as an obstacle to the statutory and regulatory scheme put in place by Congress and the SEC, with the cooperation of self-regulatory organizations, such as Nasdaq, for the governance of the national securities markets.

Thus Nasdaq respectfully requests that this Court grant leave for Nasdaq to seek reconsideration of the Court's October 12 Order, set a briefing schedule on the motion for reconsideration, and vacate all currently-scheduled dates in this matter until that motion is resolved.

DATED:  November 7, 2007

Respectfully submitted.

GIBSON, DUNN & CRUTCHER LLP

By: _____/s/_____
      Ethan D. Dettmer

Attorneys for The Nasdaq Stock Market, Inc.

10

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 12, 2007 ORDER DENYING DEFENDANT'S MOTION TO DISMISS;  Case No. C 07 3683 RMW