George S. Trevor (127875)
LAW OFFICE OF GEORGE S. TREVOR
300 Tamal Plaza, Suite 180
Corte Madera, California 94925
Telephone: (415) 924-7147
Facsimile:  (415) 924-7159
Email: gtrevor@trevorlaw.com

Attorney for Plaintiffs

Ethan D. Dettmer (196046)
Amanda M. Rose (222074)
GIBSON, DUNN & CRUTCHER LLP
One Montgomery Street
San Francisco, CA 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309
Email: edettmer@gibsondunn.com

Attorneys for Defendant The Nasdaq Stock Market, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| OPULENT FUND, L.P., a Delaware limited partnership and OPULENT LITE, L.P., a Delaware limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>THE NASDAQ STOCK MARKET, INC., a Delaware Corporation, and DOES ONE through TEN, inclusive<br><br>Defendants. | Case No.: C 07-3683 RMW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     November 30, 2007<br>Time:    9:00 a.m.<br>Place:    Courtroom of the<br>             Hon. Ronald M. Whyte |

## I. JURISDICTION AND SERVICE

Defendant removed this case from the Santa Clara Superior Court. Service on the defendant was completed in the Superior Court. Plaintiffs filed a motion to remand which the Court denied on the basis that federal question jurisdiction existed.

## II. FACTUAL BACKGROUND

Plaintiffs allege as follows:

Plaintiffs Opulent Fund and Opulent Lite are investment limited partnerships organized in Delaware and maintain their principal place of business in Santa Clara County, California. (Complaint, ¶¶ 4-5.) Plaintiffs trade broad-based stock index options, particularly options written on the Nasdaq 100 Index ("Nasdaq 100" or "Index"). (Id., ¶ 9.)

Defendant Nasdaq is a corporation organized in Delaware and maintains its principal place of business in New York. (Id., ¶ 6.) Nasdaq created the Index and encourages its use directly and derivatively through the use of various put and call options based upon the price of the Index. (Id., ¶ 13.) Nasdaq also encourages the use of the Index by market participants through Nasdaq Global Funds, Inc., a wholly owned subsidiary of Nasdaq. (Id.) Nasdaq Global Funds, Inc. pays an annual licensing fee to Nasdaq and issues a tracking stock based upon the Index that trades on the Nasdaq market under the symbol QQQQ. (Id.) Nasdaq determines, composes and calculates the price of the Index. (Id.) Nasdaq receives substantial payments from certain vendors of market price data. (Id.) Thus, Nasdaq's activities related to the Index and the NASDAQ Official Opening Price ("NOOP") are, at least in part, for profit commercial activities.

The settlement value of these Index options is based on the NOOP of the 100 stocks comprising the Index. (Id., ¶ 10.) On the morning of May 19, 2006, Plaintiffs held a number of large positions in Index options. (Id.) That date was the settlement date for the positions. (Id.) During the first hour of trading on May 19, the Index traded as high as 1604 and not below 1589. (Id.) Thus, the correct price for the Index, as calculated from NOOP of the 100 component stocks, was over 1589. (Id.) Nasdaq announced the Index price that morning at 1583.45. (Id.) Immediately following the announcement, Plaintiffs obtained the published opening prices of

each component stock in the Index and computed the Index settlement price at 1589.18. (Id., ¶ 11.)

Accordingly, Plaintiffs seek damages and other relief under California state law for negligence and negligent misrepresentation. (Id., ¶¶ 15-25 and Prayer For Relief.)

Nasdaq states as follows:

Nasdaq calculates and disseminates the value of the Nasdaq-100 Index, as well as the values of the Nasdaq Official Opening Price of the 100 securities that constitute the Nasdaq-100 Index, pursuant to procedures reviewed and approved by the Securities and Exchange Commission pursuant to the Securities and Exchange Act of 1934. On May 19, 2006, Nasdaq correctly calculated the Opening Settlement Value of the Nasdaq-100 Index, which is the value of the Nasdaq-100 Index on which options settlements are generally based. Because Nasdaq correctly calculated and then disseminated the Opening Settlement Value for the Nasdaq-100 Index on May 19, 2006, Nasdaq cannot have caused any harm to plaintiffs.

### III. LEGAL ISSUES

As set forth in Nasdaq's pending Motion for Leave to File Motion for Reconsideration of Court's October 12, 2007 Order Denying Defendant's Motion to Dismiss (dkt. #22), Nasdaq respectfully submits that it is immune from liability in this case, and that this Court lacks subject matter jurisdiction based on the fact that plaintiffs have failed to exhaust their administrative remedies with the Securities and Exchange Commission. Nasdaq anticipates that other legal issues that may be presented in this case include the following: 1) whether Nasdaq owed the plaintiffs any legal duty, and 2) whether plaintiffs assumed the risk of any losses stemming from options traded on the Nasdaq-100 Index.

### IV. MOTIONS

On November 7, 2007, Defendant filed a Motion for Leave to File Motion for Reconsideration of Court's October 12, 2007 Order Denying Defendant's Motion to Dismiss. As of the date of this Statement the Court has not ruled on this motion. No other motions are pending at this time.

Plaintiffs do not anticipate filing any motions at this time other then possible pretrial motions in limine. Defendant anticipates filing a motion or motions for summary judgment or partial summary judgment, and possible pretrial motions in limine.

V.   **AMENDMENT OF PLEADINGS**

Plaintiffs do not anticipate any amendments to their complaint. Defendant's answer is due on November 28, 2007.

VI.   **EVIDENCE PRESERVATION**

The parties have taken adequate steps in their opinion to ensure the preservation of evidence.

VII.   **DISCLOSURES**

The parties have met and conferred regarding a discovery plan. That plan is more fully described in the next section regarding Discovery. The parties initial disclosures pursuant to Fed. R. Civ. P. 26 are addressed below.

VIII.   **DISCOVERY**

The parties have agreed as follows with respect to discovery:

1.   The parties waive initial disclosures pursuant to Fed. R. Civ. P. 26.

2.   Instead, the parties agree to exchange initial, focused discovery on or before December 21, 2007, in an effort to narrow the matters at issue in this case or reach an appropriate early resolution. Specifically, the parties will exchange documents related to: a) Nasdaq's calculation of the Opening Settlement Value of the Nasdaq-100 Index for May 19, 2006; and b) plaintiffs' calculations underlying their contention that Nasdaq was negligent in calculating the Opening Settlement Value of the Nasdaq-100 Index for May 19, 2006.

3.   After review of the data exchanged pursuant to paragraph 2, the parties will arrange for one or more meetings between appropriate representatives of Nasdaq, on the one hand, and plaintiffs, on the other hand, to discuss the documents and information exchanged, in an effort to narrow the matters at issue in this case, or resolve this matter altogether. The parties will complete these discussions on or before January 28, 2008, unless it is mutually agreed that

further discussions will be productive.

4.  The parties agree that neither shall demand production of documents or propound other discovery on the other during the processes set forth in paragraphs 2 and 3, above. If, on or after January 28, 2008, the parties agree that these efforts to narrow the matters at issue, or resolve the case, are no longer productive, then the parties will meet and confer regarding a plan for proceeding with discovery under the Federal Rules of Civil Procedure.

**IX.  CLASS ACTIONS**

This is not a class action.

**X.  RELATED CASES**

The parties are not aware of any related cases.

**XI.  RELIEF**

Plaintiffs allege that they suffered economic losses on certain option positions written on the Nasdaq 100 Index on the morning of May 19, 2006. Plaintiffs allege that these losses were a direct and proximate result of errors made by defendant on May 19, 2006 in its calculation the value of the Nasdaq 100 Index. The exact calculation of plaintiffs' damages must await full discovery as to what the value of the Nasdaq 100 Index should have been absent defendant's negligence. Based upon facts presently known to plaintiffs, plaintiffs believe their damages are at least $4 million. These damages are calculated by the value of plaintiffs' option positions on the morning of May 19, 2006 based upon the value of the Nasdaq 100 Index announced by defendant on that date and what the correct value should have been absent defendant's alleged negligence.

Nasdaq denies that it harmed plaintiffs in any way, and denies that Nasdaq is liable to plaintiffs in any manner or amount.

**XII.  SETTLEMENT AND ADR**

To be discussed.

**XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to assignment of a magistrate judge.

XIV. **OTHER REFERENCES**

Not Applicable.

XV. **NARROWING OF ISSUES**

As discussed in the section above regarding discovery, the parties intend to conduct document discovery by issue. The first issue the parties will address is whether the value of the Nasdaq 100 Index on May 19, 2006 was incorrect in any way. The parties believe that by focusing first on this issue the factual issues in dispute may be significantly narrowed.

XVI. **EXPEDITED SCHEDULE**

The parties do not request an expedited schedule at this time.

XVII. **SCHEDULEING**

To be determined.

XVIII. **TRIAL**

To be determined.

XIX. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs are not aware of any other person or entity with an interest in the subject matter in controversy other than its general partners and the limited partners of Opulent Fund, L.P. and Opulent Lite, L.P. Plaintiffs will present a list to the Court of all such persons but request that they be allowed to submit such a list under seal since plaintiffs are private investment funds not required to disclose publicly the names of their limited partners.

Defendant is not aware of any other person or entity with an interest in the subject matter in controversy, other than the named parties and the public shareholders of Nasdaq.

XX. **OTHER MATTERS**

The parties are not aware of any other matters that need to be addressed at this time.

Dated: November 26, 2007        LAW OFFICES OF GEORGE S. TREVOR

By: ___/s/ *George S. Trevor*___
George S. Trevor

Attorney for Plaintiffs

- 5 -                                                           CASE NO: C 07-3683 RMW
**JOINT CASE MANAGEMENT STATEMENT**

Dated: November 26, 2007

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ Ethan D. Dettmer
Ethan D. Dettmer

Attorneys for Defendant

**JOINT CASE MANAGEMENT STATEMENT**