1  GIBSON, DUNN & CRUTCHER LLP
   ETHAN D. DETTMER, SBN 196046
2  AMANDA M. ROSE, SBN 222074
   One Montgomery Street
3  San Francisco, California 94104
   Telephone: (415) 393-8200
4  Facsimile: (415) 986-5309
   Email: edettmer@gibsondunn.com
5
   Attorneys for
6  THE NASDAQ STOCK MARKET, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPULENT FUND, L.P., a Delaware limited partnership and OPULENT LITE, L.P., a Delaware limited partnership, | CASE NO. C 07 3683 RMW |
| Plaintiffs, | **ANSWER OF THE NASDAQ STOCK MARKET, INC. TO COMPLAINT FOR DAMAGES AND OTHER RELIEF** |
| v. | |
| THE NASDAQ STOCK MARKET, INC., a Delaware Corporation, | |
| Defendant. | |

The Nasdaq Stock Market, Inc. (Nasdaq) hereby submits this Answer to the Complaint for Damages and Other Relief (the Complaint) filed by Plaintiffs Opulent Fund, L.P. and Opulent Lite, L.P. (Opulent) on May 16, 2007, in the Superior Court of California, County of Santa Clara. For convenience, Nasdaq has repeated certain topic headings used in the Complaint. Nasdaq does not interpret these topic headings to constitute allegations, and its insertion of these topic headings in the Answer does not constitute acknowledgement or admission that these topic headings accurately characterize any of the plaintiffs' allegations, or that any of the plaintiffs' allegations are true.

**INTRODUCTION**

1. This paragraph contains plaintiffs' characterization of this action, and requires no response. To the extent this paragraph contains allegations requiring a response, Nasdaq denies them or lacks knowledge or information sufficient to form a belief as to their truth.

**JURISDICTION AND VENUE**

2. This paragraph sets forth legal assertions that require no response. To the extent this paragraph contains allegations requiring a response, Nasdaq denies them or lacks knowledge or information sufficient to form a belief as to their truth.

3. This paragraph sets forth legal assertions that require no response. To the extent this paragraph contains allegations requiring a response, Nasdaq denies them or lacks knowledge or information sufficient to form a belief as to their truth.

**PARTIES**

4. Nasdaq lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and denies them on that basis.

5. Nasdaq lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and denies them on that basis.

6. Admitted.

7. Nasdaq lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and denies them on that basis.

8. Nasdaq lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and denies them on that basis.

1

## FACTUAL ALLEGATIONS

9. Nasdaq lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and denies them on that basis.

10. In response to the first sentence of paragraph 10, Nasdaq admits that the Opening Settlement Value of the Nasdaq-100 Index is derived using a Unitary Opening Price Procedure, such as the Nasdaq Official Opening Price; the term "Unitary Opening Price Procedure" means a methodology, practice, procedure or mechanism used by Nasdaq to generate opening prices for Index-component securities that involves gathering, processing and executing buying and selling interest in Index-component securities at one price at the opening of trading on the Nasdaq Stock Market. In response to the second sentence of paragraph 10, Nasdaq lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding their positions in Nasdaq 100 options on the morning of May 19, 2006, and on that basis denies them. In response to the third sentence of paragraph 10, Nasdaq admits that May 19, 2006 was the third Friday of that month, and that the third Friday of the month is typically the settlement date for options based on the Nasdaq-100 Index. In response to the fourth sentence of paragraph 10, Nasdaq denies that the Nasdaq 100 traded as high as 1604 in the first hour of trading on May 19, 2006, and admits the remainder of that sentence. In response to the fifth sentence of paragraph 10, Nasdaq denies that the correct Opening Settlement Value for the Index was at least 1590. In response to the sixth sentence of paragraph 10, Nasdaq admits that it announced the Index's Opening Settlement Value that morning at 1583.45.

11. Nasdaq lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and denies them on that basis.

12. Nasdaq lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and denies them on that basis.

13. In response to the first sentence of paragraph 13, Nasdaq admits that it calculates and disseminates the value of the Nasdaq-100 Index pursuant to rules approved by the Securities & Exchange Commission (SEC), and that numerous options are traded based on the Nasdaq-100 Index. In response to the second and third sentences of paragraph 13, Nasdaq admits that Nasdaq Global Funds, Inc., is a wholly owned subsidiary of Nasdaq, and that a tracking stock based upon the Nasdaq

100 trades on the Nasdaq market under the symbol QQQQ, and denies the remainder of those two sentences.  In response to the fourth and fifth sentences of paragraph 13, Nasdaq admits that it has a statutory duty, pursuant to 15 U.S.C. § 78s(g)(1), to follow its SEC-approved rules in calculating and disseminating to the market the Nasdaq-100 Index price.  In response to the sixth and seventh sentences of paragraph 13, Nasdaq admits that it calculates and disseminates the Nasdaq-100 Index pursuant to its statutory duty "to remove impediments to and perfect the mechanism of a free and open market and a national market system" (15 U.S.C. § 78f(b)(5)); except as expressly admitted, Nasdaq lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these two sentences and, on that basis, denies them.  In response to the eighth sentence of paragraph 13, Nasdaq admits that it receives payments from certain vendors of market price data.  In response to the ninth and tenth sentences of paragraph 13, Nasdaq admits that it widely disseminates data regarding the Nasdaq-100 Index to the market through various direct and indirect means, and that it receives payments for doing so.  Except as expressly admitted, Nasdaq denies the allegations of this paragraph.

14.   Nasdaq admits that it calculates the Nasdaq-100 Index price and disseminates it to the market and market participants, and did so on May 19, 2006.  Except as expressly admitted, Nasdaq denies the allegations of this paragraph.

## **FIRST CLAIM FOR RELIEF**

### **Negligence**

15.   Nasdaq hereby incorporates by reference its response to each of the allegations set forth above.  The remainder of this paragraph characterizes plaintiffs' claim, and requires no response.

16.   Denied.

17.   Nasdaq admits that it calculates the Nasdaq-100 Index price and disseminates it to the market and market participants.  Nasdaq lacks knowledge or information sufficient to form a belief as to whether plaintiffs are market professionals who trade options to purchase or sell shares of the Nasdaq 100 on a daily basis, and denies this allegation on that basis.  Nasdaq denies the remainder of the allegations in this paragraph.

ANSWER OF NASDAQ STOCK MARKET, INC. TO COMPLAINT FOR DAMAGES AND OTHER RELIEF; Case No. C 07 3683 RMW

Gibson, Dunn & Crutcher LLP

18. Nasdaq denies that it negligently calculated price data for the Nasdaq-100 Index on the morning of May 19, 2007. Except as expressly denied, Nasdaq lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and denies them on that basis.

19. Denied.

20. Denied.

## SECOND CLAIM FOR RELIEF

### Negligent Misrepresentation

21. Nasdaq hereby incorporates by reference its response to each of the allegations set forth above. The remainder of this paragraph characterizes plaintiffs' claim, and requires no response.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## DEFENSES

1. Plaintiffs' Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

2. Defendant owed no duty to Plaintiffs.

3. Defendant correctly and with due care calculated and disseminated the Opening Settlement Value of the Nasdaq-100 Index on May 19, 2006, and therefore has fully and/or substantially performed any and all obligations it may have had to Plaintiffs.

4. On information and belief, Plaintiffs were warned of the substance of the following and thus fully assumed the risk of any losses stemming from options traded on the Nasdaq-100 Index:

> Nasdaq does not guarantee the accuracy and/or uninterrupted calculation of the Nasdaq-100 Index or any data included therein. Nasdaq makes no warranty, express or implied, as to the results to be obtained by any person or entity from use of the Nasdaq-100 index or any data included therein. Nasdaq makes no express or implied warranties, and expressly disclaims all warranties of merchantability or fitness for a particular purpose or use with respect to the Nasdaq-100 Index or any data included therein. Without limiting any of the foregoing, in no event shall Nasdaq have any

1  liability for any lost profits or special, incidental, punitive, indirect, or consequential damages, even if notified of the possibility of such damages.

Unless due to willful tortious misconduct or gross negligence, NASDAQ shall have no liability in tort, contract, or otherwise to any third party.

WHEREFORE, Nasdaq prays for judgment against plaintiffs as follows:

1.   That plaintiffs take nothing from Nasdaq in this action;

2.   For Nasdaq's costs of suit herein; and

3.   For such other and further relief as the Court may deem just and proper.

DATED:  November 28, 2007

Respectfully submitted.

GIBSON, DUNN & CRUTCHER LLP

By: _____/s/_____
         Ethan D. Dettmer

Attorneys for The Nasdaq Stock Market, Inc.

5

ANSWER OF NASDAQ STOCK MARKET, INC. TO COMPLAINT FOR DAMAGES AND OTHER RELIEF; Case No. C 07 3683 RMW

Gibson, Dunn & Crutcher LLP